UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSIE WAYNE PILLETTE,

        Petitioner,         Case Number: 2:12-cv-14749

v.         HONORABLE AVERN COHN

DEPARTMENT OF CORRECTIONS,

        Respondent.

_____/

## ORDER DENYING PETITION FOR REMOVAL AND DISMISSING CASE

I.

Jessie Wayne Pillette (Petitioner) filed a *pro se* paper titled "Petition for Removal of State Court Action to Federal District Court." Petitioner, a state inmate, is currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan. As will be explained, he seeks to remove a post-conviction collateral proceeding in which he challenges his state court conviction and continued confinement. Petitioner cites 28 U.S.C. § § 1361 & 1441 as grounds for removal. Because Petitioner is not entitled to remove his case to federal court under either statute, the petition will be denied.

II.

On January 5, 2012, Petitioner filed a petition for a writ of mandamus in state court claiming that his incarceration violates double jeopardy and that his sentence has been unlawfully extended by 481 days. The Ingham County Circuit Court denied mandamus. Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. On October 5, 2012, the Michigan Court of Appeals wrote Petitioner that it

could not accept the pleading for filing because Petitioner still owes an unpaid filing fee from a previous appeal. The Michigan Court of Appeals informed Petitioner that he must pay the amount owed within 21 days or his appeal will be dismissed. Thereafter, on October 25, 20102, Petitioner filed the instant paper seeking removal of his state court proceeding to federal court.

III.

Neither of the statutes Petitioner cites in support of removal permit removal in ths case. Under 28 U.S.C. § 1441, only a defendant(s) may move to remove a case from state court to federal court. 301 F.3d 456, 461-62 (6th Cir. 2002). The plain language of 28 U.S.C. § 1441 extends the privilege of removal only to defendants and not to plaintiffs. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). Petitioner is a plaintiff in the state-court proceeding. Thus, he cannot remove his pending state mandamus action from the state court to the federal court. *See United States ex rel. Hamilton v. Maroney*, 355 F.2d 441, 442 (3rd Cir. 1966) (no basis for removal of pending habeas corpus proceeding from state courts to federal courts); *Russell v. Caruso,* 2007 WL 3232126, *2 (W.D. Mich. October 30, 2007) (declining to permit removal of post-conviction motion from state courts to federal courts).

Petitioner also seeks removal under 28 U.S.C. § 1361. However, § 1361 does not relate to removal actions. It pertains to actions to compel an officer of the United States to perform his or her duty. Moreover, federal courts have no authority to issue writs of mandamus to direct state officials to conform their conduct to state law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 91984); *Haggard v. Tennessee*, 421 F.2d 1384 (6th Cir. 1970).

Accordingly, the petition for removal is DENIED and the matter is DISMISSED.

SO ORDERED.

      S/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated:  November 16, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 16, 2012, by electronic and/or ordinary mail.

      S/Sakne Chami
      Case Manager, (313) 234-5160